Frank Pawlosky, Petitioner *v.* Workmen's Compensation Appeal Board (Latrobe Brewing Company), Respondents.

Submitted on briefs May 12, 1983, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*Vincent J. Quatrini, Jr.,* with him *Morrison F. Lewis, Jr.,* for petitioner.

*N. R. Zuschlag, Fried, Kane, Walters and Zuschlag,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., April 2, 1984:

This is an appeal by claimant Frank Pawlosky from an order of the Workmen's Compensation Appeal Board which affirmed the referee's denial of his claim for benefits under The Pennsylvania Workmen's Compensation Act (Act).[1]

Pawlosky filed his petition on November 7, 1977, claiming a disability caused by an "occupational disease" as defined in Section 108 of the Act.[2] He later amended his claim to assert entitlement under the general compensation provisions of the Act.[3] The referee's findings—which are not challenged here—reflect that Pawlosky was employed by Latrobe Brewing Company from 1950 to 1977 in a variety of jobs, most of which placed him in contact with caustic substances. Specifically, the referee found that: "During the claimant's entire work history he either worked with or came in contact with the fumes of chlorine, sul-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1 *et seq.*

[2] 77 P.S. §27.1. Section 108 was added by Section 1 of the Act of October 17, 1972, P.L. 930.

[3] In workmen's compensation cases, amendments of claim petitions are to be liberally allowed; and a petition may be amended even at the time of the referee's hearing if there is no change in the facts underlying the claim. *Findlay Refractories v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 454, 415 A.2d 1270 (1980).

phuric acid and caustic soda which were general clean-
ing compounds.'' Furthermore, the referee found on
the basis of the medical evidence adduced in the case
that the caustic substances with which Pawlosky came
in contact during his employment aggravated a pre-
existing asthmatic condition and caused him to be
totally disabled. Nevertheless, the referee and Board
dismissed the claim on the ground that Pawlosky
failed to present any evidence that the incidence of his
occupational disease-like injury was substantially
greater in his occupation than in the general popu-
lation, as required by Section 108(n) of the Act.[4]

Pawlosky does not quarrel with the referee's find-
ings. Indeed, he concedes that he did not present any
proof that the injury on which he based his claim oc-
curred with substantially greater frequency in his oc-
cupation than in the general population. Rather, the
thrust of Pawlosky's argument is that his eligibility
for compensation is established by the referee's find-
ing that he was rendered totally disabled by aggra-
vation of a pre-existing medical condition caused by
caustic substances to which he was exposed in the
workplace. He asserts that his eligibility was estab-
lished under the general compensation provisions of
the Act, and that it was error for the compensation
authorities to determine his claim under the standards
which apply to occupational diseases. We agree.

---

[4] As Pawlosky's disability was not due to one of the "occupa-
tional diseases" specified in Section 108, his condition would be
compensable as an "occupational disease" only if he met the "catch-
all" definition of Section 108(n), 77 P.S. §27.1(n). That definition
requires a claimant to prove that his condition is one to which he
was exposed by reason of his employment and is causally related
to the industry or occupation in which he was employed; he must
also prove that the incidence of the condition is substantially greater
in his industry or occupation than in the general population. *McHale
v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth
Ct. 344, 425 A.2d 34 (1981).

In *Stanton v. Ben Rubin Ajax Cleaners-Dyers,* 74 Pa. Commonwealth Ct. 628, 460 A.2d 1219 (1983), we addressed the question of whether The Pennsylvania Occupational Disease Act[5] applies to work-related aggravation of a pre-existing disease. We held there that the language of the Occupational Disease Act demonstrated a legislative intent to exclude such injuries from its coverage. The holding in *Stanton* was predicated on our conclusion that, had the legislature intended the Occupational Disease Act to encompass work-related aggravation of pre-existing diseases, it would have employed language identical or similar to that used in Section 301(c) of the Workmen's Compensation Act,[6] which states in pertinent part:

(1) The terms "injury" and "personal injury", as used in this act, *shall be construed to mean an injury to an employe, regardless of his previous physical condition,* arising in the course of his employment and related thereto, and such disease or infection as naturally *results from the injury or is aggravated, reactivated or accelerated by the injury.* . . . (Emphasis added.)

Thus, it is clear on the basis of our decision in *Stanton* that the Board erred in applying occupational disease standards to the injury upon which Pawlosky bases his claim.

Furthermore, it is clear that the findings of the referee establish that Pawlosky suffered an "injury" as defined in Section 301(c) of the Workmen's Compensation Act. In *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977), we held that the

---

[5] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§1201 *et seq.*

[6] 77 P.S. §411.

work place aggravation of a pre-existing disease constitutes an "injury" under that section even when exposure-type harm does not reach the level of an independent occupational disease. In the instant case, the compensation authorities found that Pawlosky was fully disabled, and that his disability was due to work-related agents which aggravated his pre-existing asthma condition. The statute requires him to prove no more.

Accordingly, we reverse the Order of the Board, and remand this case with directions that the Board enter an award of benefits.

## Order

And Now, this 2nd day of April, 1984, the order of the Workmen's Compensation Appeal Board, Docket No. A-79849, dated December 31, 1981 is reversed, and the Board is directed to enter an award of benefits to claimant.

