Arlington Auto Body Service, General Accident Group and General Accident, Fire and Life Assurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Bosack, Jr.), Respondents.

Argued September 13, 1984, before Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Matthew R. Wimer,* with him, *Edwin P. Brown, Jr., Murovich, Reale, Fossee & Ferry, P.C.,* for petitioners.

*Thomas P. Geer,* for respondent, John Bosack, Jr.

OPINION BY JUDGE DOYLE, May 17, 1985:

This is an appeal by the Arlington Auto Body Service (Employer) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting benefits to John Bosack, Jr. (Claimant).

Claimant was employed as a frame and body repairman in Employer's body shop when, on October 5, 1979, another employee began painting in the same location, rather than in a separate painting booth where such work was normally performed. After three hours of exposure to the acrylic paint fumes, Claimant became ill and was forced to leave work early. Later that day Claimant began gasping for air and was taken to a hospital where he received treatment for pulmonary insufficiency. Claimant remained under the care of Dr. A. Nathan Alpern, a pulmonary specialist, who advised Claimant not to return to work. Claimant submitted a claim for workmen's compensation benefits, alleging that he was totally disabled as a result of the

exposure to paint fumes on October 5, 1979. After a hearing before the referee, Claimant was granted benefits. The Board affirmed,[1] and an appeal to this Court followed.[2]

Before this Court Employer argues that Claimant's disability was not the result of a single incident on October 5, 1979, but was rather the result of an unspecified occupational disease, contracted during his thirty-two years as an automobile repairman. Employer argues therefore that this case is controlled by *Crucible Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 165, 415 A.2d 458 (1980), and *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977), and that under the authority of these cases Claimant's claim is for an occupational disease injury under Section 301(c)(2) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2), rather than for any ordinary injury under Section 301(c)(1) of the Act, 77 P.S. §411(1). More precisely, Employer asserts that the claim is based on an aggravation of a pre-existing disease which is occupational in nature. Therefore, there must be the proof required under Section 108(n) of the Act, 77 P.S. §27.1(n).[3]

---

[1] The Board modified the compensation rate awarded by the referee from $227.00 per week to $178.67 per week.

[2] Our scope of review, where the party with the burden of proof has prevailed before the referee and the Board, is limited to determining whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact is unsupported by substantial evidence. *Ford Aerospace v. Workmen's Compensation Appeal Board (Davis),* 83 Pa. Commonwealth Ct. 584, 478 A.2d 507 (1984).

[3] Added by Act of October 17, 1972, P.L. 903. The pertinent provisions of this Section addressing these requirements are as follows:

A review of the record before the referee, however, does not support the factual allegation that Claimant's disability resulted from a disease which was *occupational in nature.*[4] Although Dr. Alpern, Claimant's treating physician, testified that Claimant previously suffered from chronic obstructive pulmonary disease, he attributed the disease to a combination of allergies and cigarette smoking, rather than to any condition at work. The underlying disease was not therefore occupational in nature. Dr. Alpern further testified that the inhalation of paint fumes on October 5, 1979 aggravated the disease, causing the acute pulmonary insufficiency which disabled Claimant. This case is thus distinguishable from our decisions in both *Crucible* and *Plasteel,* in which claimants were asserting disability from an "injury" which they alleged was occupational in nature.[5] In the case *sub judice,* Claim-

---

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

*Crucible* and *Plasteel* were both occupational disease cases; both considered an injury to a pre-existing disease which was "occupational in nature" and both were decided under the provisions of §301(c)(2) of the Act, 77 P.S. 411(2).

[4] The term "occupational disease", as used in The Pennsylvania Workmen's Compensation Act is defined in Section 108 of the Act, 77 P.S. §27.1.

[5] In *Plasteel,* Judge MENCER stated: "We further hold that Smith has demonstrated that the harm he sustained was occupational in nature." 32 Pa. Commonwealth Ct. at 411, 379 A.2d at 911. And in *Crucible,* Judge WILKINSON found: "The second element of proof required is a showing that the harm sustained is occupational in nature. . . . Here, as in *Plasteel,* medical evidence established the claimant's *aggravated diseases* were causally related to his work and were substantially more prevalent in that occupation than in the general population." 52 Pa. Commonwealth Ct. at 168, 415 A.2d at 460 (emphasis in original).

ant is asserting not that his pre-existing disease was occupational, but that his pre-existing non-occupational disease was *aggravated* by an occupational "injury." We have recently held that where a claim for an occupational disease *type* of harm is asserted under the general compensation provisions of the Act, that is, a claim under §301(c)(1), a claimant need not prove that the harm is occupational in nature, *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.),* 83 Pa. Commonwealth Ct. 451, 479 A.2d 631 (1984), *petition for allowance of appeal granted,* (9 W.D. App. Dkt. 1985, February 12, 1985). *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.),* 81 Pa. Commonwealth Ct. 270, 473 A.2d 260 (1984).[6]

Dr. Alpern's testimony, which was accepted as credible by the referee,[7] provided sufficient basis for the referee's findings that Claimant's disability resulted from a single injury on October 5, 1979, rather than from an occupational disease or a disease that was occupational in nature. Since we may not disturb findings of the referee which are supported by substantial evidence, *Asbestos Insulating Co. v. Workmen's Compensation Appeal Board (McGovern),* 73 Pa. Commonwealth Ct. 86, 457 A.2d 1320 (1983), we affirm the decision of the Board.

---

[6] In *Palowsky* Judge WILLIAMS, while not specifically discussing the differences between Section 301(c)(1) and Section 301(c)(2), described an injury under the former section as one coming "under the general compensation provisions of the Act." 81 Pa. Commonwealth Ct. at 272, 473 A.2d at 261.

[7] The referee made a finding of fact as follows:

EIGHT: The Referee accepts the opinion of Dr. Alpern. . . . [T]he pre-injury condition of the Claimant was a chronic pulmonary insufficiency, whereas the work-related injury made it acute and disabling for any regular work or for anything but the lightest work.

ORDER

Now, May 17, 1985, the order of the Workmen's Compensation Appeal Board, Docket No. A-82601, dated June 23, 1983, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

———

CONCURRING OPINION BY JUDGE PALLADINO:

I concur with the result only for the following reasons. In both *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977) and *Crucible Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 165, 415 A.2d 458 (1980), this Court held that the work place aggravation of a preexisting disease constitutes an "injury" under Section 301(c) of the Pennsylvania Workmen's Compensation Act[1] as long as the harm sustained is *occupational in nature.* To prove that such harm is occupational in nature, a claimant would have to show that the disease is causally related to his industry or occupation and that the disease incidence is substantially greater in the industry or occupation than in the general population. In *Pawlosky v. Workmen's Compensation Appeal Board,* 81 Pa. Commonwealth Ct. 270, 473 A.2d 260 (1984), however, this Court held that the harm sustained from the work place aggravation of a preexisting disease *need not be* occupational in nature. To constitute an injury, a claimant need only show that his disability was a result of work-related agents which aggravated his preexisting condition. Thus, I do not believe the instant case is distinguishable from both *Crucible* and *Plasteel.* Rather, I believe that the holding in this case should be based on both *Pawlosky*

———

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

and *Hayden v. Workmen's Compensation Appeal Board,* 83 Pa. Commonwealth Ct. 451, 479 A.2d 631 (1984), *petition for allowance of appeal granted,* (9 W.D. App. Dkt. 1985, February 12, 1985), which, in effect, eliminated the requirement of *Plasteel* and *Crucible* that the harm sustained from the work place aggravation of a preexisting disease be occupational in nature.