Queenell McCarter, Petitioner *v.* Workmen's Compensation Appeal Board (Boeing Vertol Company and Aetna Life & Casualty Co.), Respondents.

Submitted on briefs December 12, 1985,

*Brian R. Steiner, Steiner and Segal, P.C.,* for petitioner.

*Peter J. Weber, Rawle & Henderson,* for respondent, Boeing Vertol Company.

OPINION BY JUDGE CRAIG, January 21, 1986:

Claimant Queenell McCarter appeals from an affirmance by the Workmen's Compensation Appeal Board of a referee's decision to grant her employer's petition, under section 413 of The Pennsylvania Workmen's Compensation Act,[1] to terminate compensation being paid to the claimant for total disability.

Boeing Vertol employed Mrs. McCarter as a janitor. On February 8, 1980, Mrs. McCarter injured her right shoulder, right elbow, wrist and spine while hoisting a trash container in the course of her employment. She became totally disabled as a result of that injury and began receiving total disability benefits under a notice of compensation payable.

Based upon three examinations of Mrs. McCarter made at the request of Boeing's workmen's compensation insurance carrier during 1980, Dr. John Williams, a board-certified orthopedic surgeon, concluded that Mrs. McCarter had receovered sufficiently from her

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

work-related injuries[2] to return to work.[3] He also testified that, although he could make no objective findings to explain Mrs. McCarter's complaints of pain,[4] he believed that she could experience pain, but he had no way of evaluating the degree of pain.[5]

[2] Dr. Williams stated his final diagnosis:

One, an acute lumbosacral sprain, strain by history resolved; two, sprain, strain thoracic spine resolved; three, contusion of right elbow by history resolved; and four, sprain, strain right shoulder girdle by history resolved.

[3] Dr. Williams testified:

Q. Doctor, based on these three physical examinations of Mrs. McCarter, the history that she gave you, the X-ray report that you received and your findings from your physical examinations, do you have an opinion based upon a reasonable medical certainty as to whether or not Mrs. McCarter had recovered from her injuries and was able to return to her job as a janitor?

A. Yes, I have an opinion.

Q. What is that opinion.

A. It is that the patient had recovered with reference to the injury she had sustained on 2-7-80, to the extent that she was able to return to her normal activity from an orthopedic point of view with reference to the part of her body which I examined.

[4] While relating her medical history to Dr. Williams, Mrs. McCarter stated:

My back, it's just a mess. It starts from up here, [pointing to the area of C-7 all the way down to the end of her spine.] I never have a good night's sleep; The only way I make it is because Dr. Saland gave me a brace to wear. The back is just in bad shape when I get up. I can't get myself together.

During the physical examination of August 19, 1980, Dr. Williams noted, "[t]he patient 'oohed and aahed' on every range of motion."

[5] Dr. Williams stated:

So, in asking me do I believe the patient had pain, yes, the patient has pain. . . . If I do not find anything, it does not mean that the patient does not have any pain. I cannot tell you why the patient has pain when I have no objective positive findings that correlate with her complaints and symptoms.

The referee found that "[Dr. Williams'] testimony is persuasive, credible, worthy of belief, and proves that the Claimant had recovered from her injury and is able to return to her previous occupation as of August 19, 1980." By order of September 21, 1982, the referee granted the employer's termination petition as of August 19, 1980, the date of Dr. Williams' third examination.

The board affirmed that decision and order, concluding that the referee had relied upon sufficient evidence to support a termination petition, and had properly accepted the testimony of one competent medical witness over that of another equally competent medical witness.

The issue we now consider is whether an acknowledgment by a medical expert that the claimant could suffer pain renders equivocal his opinion that the claimant has recovered from her injuries sufficiently to return to work. The related issue we address is whether the referee may resolve the claimant's uncontradicted complaints of pain as a matter of credibility.

Notwithstanding Dr. Williams' acknowledgment that Mrs. McCarter may in fact suffer from pain, his conclusion that she has recovered is supported by his unequivocal medical findings[6] and is not, as the claimant contends, ambiguous and contradictory.

---

[6] Dr. Williams testified that Mrs. McCarter's complaints of pain upon flexion of the right and left knees were "unphysiological and unanatomical." Additionally he stated:

The patient had no positive objective finding with reference . . . to a disc or nerve problem. . . . There was no evidence of any atrophy of the—nor loss of muscle tone of any of the musculature in the lower extremity.

Basically, there was no real positive objective finding that I was able to correlate with this patient's complaint on this examination.

Citing *Pennwalt, Stokes Division v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 98, 403 A.2d 186 (1979), the claimant's brief urges that, when a physician is unable to produce objective findings concerning a claimed source of pain, there is no sufficient basis for a finding that the claimant's disability has ceased. In *Pennwalt,* the consequence of the inability of the employer's doctors to find any anatomical reason for the claimant's pain was that the referee and the board were not *compelled* to conclude that disability had diminished. However, because the board held that the employer failed to sustain its burden in that case, our scope of review there was limited to considering whether the board, in reaching its conclusion, had capriciously disregarded competent evidence.

In contrast, the board here held that Boeing did sustain its burden of proof. Accordingly, our scope of review as to factual matters is limited to considering whether the necessary findings of fact are supported by substantial evidence. *Bell Telephone Co. of Pa. v. Workmen's Compensation Appeal Board,* 87 Pa. Commonwealth Ct. 558, 487 A.2d 1053 (1985).

In view of Dr. Williams' testimony as to the range of motion and other physical tests performed, we conclude that the board's findings, that Mrs. McCarter had recovered from her injury and was able to return to her previous occupation as of August 19, 1980, are supported by substantial evidence.

Mrs. McCarter next contends that the board erred in finding that the testimony of her physician,[7] Dennis

---

[7] Dennis A. Boyle, M.D., diagnosed Mrs. McCarter's condition as a "[l]umbosacral strain superimposed on degenerative disease of the lumbar spine." He opined:

[Mrs. McCarter is] not able to perform the duties of her former employment and I don't think that she is able to do anything that would incur any activity that would pro-

A. Boyle, M.D., was equivocal. However, we need not address the alleged unequivocality of Dr. Boyle's testimony. Even assuming that Dr. Boyle's testimony was unequivocal, this court has consistently held that the task of resolving conflicts in medical testimony lies solely with the referee, and where the referee's findings are supported by substantial evidence, the courts will affirm the decision of the board. *U.S. Fidelity & Guaranty Co. v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 191, 437 A.2d 1272 (1981).

Similarly, the referee, as the judge of credibility, was empowered either to disbelieve Mrs. McCarter's testimony regarding her pain or to believe it to be outweighed by the testimony of the employer's physician. *Hayden v. Workmen's Compensation Appeal Board*, 83 Pa. Commonwealth Ct. 451, 479 A.2d 631 (1984).

However, Mrs. McCarter contends that the referee erred in failing to state his reasons for his rejection of her uncontradicted testimony. Citing *Frombach v. U.S. Steel Corp.*, 2 Pa. Commonwealth Ct. 556, 279 A.2d 779 (1971), Mrs. McCarter suggests that, although the factfinder is not obligated to accept even uncontradicted testimony, where uncontradicted testimony is rejected, this court must remand so that the factfinder can make a precise explanation of the reasons for such rejection, if those reasons were not set forth in the original decision.

Although the rule set forth in *Frombach* was correctly applied to the facts in that case,[8] a remand for

---

vide economic gain. . . . [b]ecause she has the pain in her back, she has the weakness in her lower extremities, she has limited abilities to walk.

[8] In *Frombach*, 2 Pa. Commonwealth Ct. at 557, 279 A.2d at 781, the referee dismissed the claimant's petition under the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566,

further findings of fact is unnecessary here. The referee specifically stated that Dr. Williams' testimony was "persuasive, credible, worthy of belief, and proves that the claimant had recovered from her injury. . . ." The referee additionally stated that he was not persuaded by the testimony of Dr. Boyle, the claimant's physician.

Thus, unlike the court in *Frombach,* we are able to review the referee's decision. We acknowledge that the referee may, within his discretion, evaluate the credibility of opposing witnesses and accept the testimony of one medical witness over another. *Hulse v. Workmen's Compensation Appeal Board,* 71 Pa. Commonwealth Ct. 28, 453 A.2d 1081 (1983).

Accordingly, because we conclude that the findings of fact made by the referee and affirmed by the board are supported by substantial evidence and that the referee has committed no errors of law, we affirm the decision of the Workmen's Compensation Appeal Board granting the employer's petition for termination as of August 19, 1980.

ORDER

Now, January 21, 1986, the order of the Workmen's Compensation Appeal Board, dated May 19, 1983, is affirmed.

*as amended,* 77 P.S. §§1201-1603, without discussion. The referee's summary findings stated:

> We find as a fact that claimant is not totally and permanently disabled as a result of silicosis.