518 A.2d 348

**Lindsey Currie, Deceased, Josephine Arkward, Sister, Petitioner v. Workmen's Compensation Appeal Board (Sharon Steel Corporation), Respondents.**

Submitted on briefs March 13, 1986, to Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

L. *Steven Robinson,* for petitioner.

*Carmen F. Lamancusa, Lamancusa* & *Cilli, P.C.,* for respondent, Sharon Steel Corporation.

OPINION BY JUDGE BLATT, December 9, 1986:

Josephine Arkward (petitioner), sister of Lindsey Currie, deceased, petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which denied her benefits pursuant to Section 307 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§561(6), 562.

On July 20, 1972, Lindsey Currie died from asphyxiation by carbon-monoxide inhalation in the course of his employment at the Sharon Steel Corporation. He had never been married and had resided with his sister, the petitioner, for a number of years. She performed many of the household duties, while he, in return, contributed financially to her support. In 1965, however, he moved to a new residence which was located a few doors from his sister's home. This move was subsequent to his sister's marriage to Bynard Arkward.

The petitioner, a hairdresser, was diagnosed by Dr. Joseph H. Bolotin in 1964 as being disabled from scalenus anticus syndrome (a condition in which the

muscle that connects the neck with the first rib causes pain). She was thereafter unable to work in her profession, but continued to carry out various household duties for her brother until his death in 1972. Likewise, her brother continued to provide some financial assistance, even though the petitioner resided with her aged and ill husband, who had many medical bills. At the time of the decedent's death, however, the petitioner's husband was receiving a pension of $171.52 per month and Social Security benefits of $150.00 per month.

On July 12, 1973, the petitioner filed a fatal claim petition for compensation, as a dependent of a deceased employee, alleging that she was disabled and was also dependent on her brother at the time of his death. The referee dismissed the claim petition, but the Board vacated and remanded the matter for clarification as to the extent of the petitioner's dependency on the decedent. The petitioner thereafter offered new testimony to the effect that she had not worked in her profession since 1964. Her treating physician from 1960 to 1969, Dr. Bolotin, also testified that she was disabled from 1964 until 1969, but could not state whether or not she was disabled at the time of her brother's death in 1972. The referee, therefore, again dismissed the claim petition, stating that "[t]he Claimant has failed to meet her burden of showing that she was actually dependent upon the Decedent. . . . Even assuming that the Claimant was dependent upon the Decedent, she has not proved that she was dependent for support because of disability." The Board then affirmed, finding no unequivocal testimony by the petitioner that she was dependent on her brother.[1]

---

[1] The category of statutorily dependent brothers and sisters stands in the lowest category of those entitled to recover for the death of an employee.

The petitioner contends that the referee erred in finding that she was neither dependent upon her brother nor disabled under Sections 561(6) and 562 of the Act which respectively provide that:

If there be neither widow, widower, children, nor dependent parent, entitled to compensation, then to the . . . sisters, if actually dependent upon the decedent for support at the time of his death. . . .

. . . .

Compensation shall be payable under this section to or on account of any . . . sister, only if and while such . . . sister is under the age of eighteen unless such . . . sister is dependent because of disability when compensation shall continue to be paid during such disability. . . .

The parties agree here that there were no children, dependent parents, nor a widow entitled to compensation under Section 561(6). The petitioner, therefore, had the burden of proving that she was actually dependent upon her brother at the time of his death, and that due to a disability she could not support herself.

Our review, of course, is limited to determining whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.)*, 83 Pa. Commonwealth Ct. 451, 479 A.2d 631 (1984). Whether or not the petitioner was dependent, however, is a question of fact for the referee. *Urso v. Workmen's Compensation Appeal Board,* 39 Pa. Commonweath Ct. 184, 394 A.2d 1322 (1978).

The term dependency requires actual dependency,[2] which must affirmatively appear in the record as a fact,

---

[2] In discussing the legislative intent surrounding paragraph six of Section 307, the Superior Court stated that:

[I]f the legislature had intended to provide for partial dependency of a sister, they no doubt would have expressly

*Walzer v. Workmen's Compensation Appeal Board (Globe Security, Inc.),* 69 Pa. Commonwealth Ct. 468, 451 A.2d 799 (1982), and partial dependency will not suffice. *Rowbottom.* The record indicates that the petitioner, here, would cash the decedent's paychecks, pay his rent, and buy his groceries. She would also use some of this money to buy her own food and pay her expenses.

The referee, at the hearing on the claim petition, initially found that the decedent contributed $1000 per month to support his sister, but, on remand of the dependency issue, found that the decedent had a gross annual income of from $6,835.78 to $7,837.73 from 1968 to 1971. In addition, he found that the petitioner was living with her husband who was receiving a pension and Social Security benefits. He concluded, therefore, that the petitioner failed to meet her burden of proving dependency, and further found that the contributions made by the decedent were gratuitous and not necessary for her support. The Board, of course, affirmed that decision and our review of the record indicates that the Board's action was supported by substantial evidence.[3]

Inasmuch as we conclude that the petitioner is ineligible for death benefits because of her failure to prove her dependency on the deceased, we need not deter-

---

so stated. It did so for parents in paragraph 5 of section 307. . . . The absence of language of similar import in paragraph 6 convincingly indicates that it was not the law makers' intention to allow compensation for partial dependency. . . .

*Rowbottom v. Eichleay Engineering Corporation,* 145 Pa. Superior Ct. 177, 181-82, 20 A.2d 894, 896 (1941).

[3] The evidence relied on includes financial statements concerning the decedent's income, and testimony concerning Mr. Arkward's pension and Social Security benefits.

mine whether or not she had a dependency due to her own alleged disability.[4]

Accordingly, we will affirm the order of the Board.

ORDER

AND NOW, this 9th day of December, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

[4] The Board, after a complete analysis, reached the correct result, but incorrectly stated the test as being "whether the decedent's earnings were necessary to provide the claimant with some of the ordinary necessities in keeping with her station in life, and whether the claimant was in fact dependent at the time of the decedent's death." We have applied the correct test, that being whether or not the petitioner was actually dependent on the decedent at the time of his death and whether or not the dependency was due to a disability.