528 A.2d 714

Stephen Trout, Petitioner *v.* Workmen's Compensation Appeal Board (Permali, Inc.), Respondent.

Submitted on briefs October 6, 1986, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Joel Persky, Henderson* & *Goldberg, P.C.,* for petitioner.

*Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for respondent.

OPINION BY JUDGE PALLADINO, July 24, 1987:

This is an appeal by Stephen Trout (Petitioner) from a decision of the Workmen's Compensation Appeal Board. The Board affirmed a referee's decision denying Petitioner's claim for benefits pursuant to The Workmen's Compensation Act.[1] For the reasons which follow, we affirm.

Petitioner filed a Workmen's Compensation Claim Petition on June 24, 1981, alleging that he was totally disabled from pneumoconiosis as a result of "exposure to resins, glass filament shavings during my employment since 1969. . . ." Petitioner was employed by Permali, Inc. (Employer) in excess of ten years. He testified that he was exposed to sawdust particles from both raw and epoxy resin treated wood, silica dust, fiberglass particles and various chemical odors. He also stated that he smoked one to one and one-half packs of cigarettes a day, beginning in about 1938.

In July of 1977, Petitioner began experiencing breathing problems and sought medical attention. Thereafter, in August, 1977, his physician informed him that he was suffering from emphysema and other lung obstructing diseases. Petitioner's physician encouraged him to stop working at that time. However, Petitioner continued working until May 19, 1979, when he took a leave of absence and subsequently quit. There is no dispute that Petitioner is totally disabled.

By order dated July 29, 1983, the referee denied Petitioner's Workmen's Compensation Claim petition because: 1) Petitioner failed to provide Employer with

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1601.1.

sufficient notice of his injury as required under the Act; and 2) Petitioner "failed to meet his burden of proof to establish a work-related disabling disease obtained while in the course and scope of his employment . . . so as to entitle him to compensation" pursuant to Section 108(n) of the Act.[2] The Board affirmed the referee's decision on March 15, 1984.[3]

On appeal to this Court, Petitioner asserts that it was an error of law for the referee to require him to meet the Section 108(n) burden of proof.[4] He asserts that *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.),* 81 Pa. Commonwealth Ct. 270, 473 A.2d 260 (1984) *aff'd,* 514 Pa. 450, 525 A.2d 1204 (1987), and *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.),* 83 Pa. Commonwealth Ct. 451, 479 A.2d 631 (1984), require us to reverse the Board and award benefits because he "sustained a disease-like injury during his employment by showing that his exposure to various dusts aggravated and accelerated his condition and ultimate disability." Petitioner's brief at 9. We disagree.

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(n).

[3] Petitioner apparently believes that the Board reversed the referee on the notice issue, stating in his brief, at page 5, that the Board "found that notice had been provided in accordance with Section 311 of the Workmen's Compensation Act." He, therefore, chose not to raise this issue on appeal. While we do not agree with Petitioner's interpretation of the Board's opinion and order, this issue would not change the outcome of this opinion and, thus, we need not address it.

[4] Our scope of review in an appeal from the Board is limited to a determination of whether an error of law was committed, constitutional rights were violated, or whether there is substantial evidence in the record to support the findings of fact. *Gabriel v. Workmen's Compensation Appeal Board (No. 1 Contracting Corp.),* 102 Pa. Commonwealth Ct. 470, 518 A.2d 895 (1986).

*Pawlosky* and *Hayden* stand for the proposition that a claimant no longer needs to prove the existence of a disease causally related to Petitioner's industry or occupation, the incidence of which is substantially greater in that industry or occupation than in the general population. However, a claimant still must prove: 1) that he is disabled 2) by a work-related 3) aggravation of a preexisting disease or condition in order to be entitled to compensation.

In his findings of fact the referee states:

TENTH: Your Referee, after carefully reviewing and analyzing the medical testimony offered, accepts as competent and credible the testimony of Dr. Murray Sacks.

ELEVENTH: Your Referee finds as a fact that any disability which the claimant may suffer does not arise out of the course and scope of his employment.

Dr. Sacks, Employer's medical expert, testified as follows:

Q. Doctor, let me ask you then, as a result of the history that you obtained from Mr. Trout and the physical examination, did you reach any diagnosis or conclusion concerning this individual?

A. Yes, I did.

Q. What was that diagnosis?

A. Well, my conclusion was that Mr. Trout suffers from chronic obstructive lung disease, predominantly emphysema, but with some degree of bronchitis.

Q. Were you able to reach any conclusion or diagnosis concerning whether or not this condition is related to the work as he related to you in his work history?

A. Yes, I was.

Q. What was that Doctor?

A. In my opinion, his condition is not related to his work.

Q. Do you have an opinion as to what was the cause of this gentleman's condition?

A. Yes, I believe his condition is due to his 42-pack year smoking history.

Q. Is that a significant history of smoking, doctor?

A. Yes, it is.

Sacks Deposition at pg. 9.

Q. Was he disabled at Permali with industrial bronchitis or chronic bronchitis from that? Could he return to that setting?

A. Well, to answer the first part of your question, I don't think he is disabled from bronchitis. I think he is disabled from emphysema. I think if we could eliminate the bronchitis, which I think is a minor portion of the problem, I think he would be disabled from emphysema alone.

Sacks Deposition at pg. 37.

Q. According to your opinion, he is not disabled as a result of his bronchitis?

A. Yes. The bronchitis alone would not be disabling to him in my opinion.

Sacks Deposition at pg. 39.

Dr. Sacks' testimony clearly indicates that the disability from which Petitioner suffers is emphysema, caused by the smoking of cigarettes. Although Dr. Shott, Petitioner's medical expert, testified to the contrary, "this court has consistently held that the task of resolving conflicts in medical testimony lies solely with the referee, and where the referee's findings are supported by substantial evidence, the courts will affirm the decision of the Board." *McCarter v. Workmen's Compensation Appeal Board (Boeing Vertol Co.)*, 94

Pa. Commonwealth Ct. 261, 267, 503 A.2d 990, 993 (1986).

Dr. Sacks' testimony constitutes substantial evidence in support of the referee's finding of fact that Petitioner's condition was not work-related. "If there is no work related injury, there can be no compensation under the Act." *Werner v. Workmen's Compensation Appeal Board (Bernardi Brothers, Inc.)*, 102 Pa. Commonwealth Ct. 463, 468, 518 A.2d 892, 894 (1986). Accordingly, we affirm.

### ORDER

AND NOW, July 24, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.