**JOY GLOBAL, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HOGUE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 29, 2005.

Decided June 21, 2005.

Harry J. Klucher, Pittsburgh, for petitioner.

Daniel K. Bricmont, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Joy Global, Inc. (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) granting the claim petition of David Hogue (Claimant) pursuant to the

provisions of the Workers' Compensation Act (Act).[1] We affirm.

On June 9, 2003, Claimant filed a claim petition *pro se* in which he only sought to recover medical expenses for an injury which occurred while in the course and scope of his employment as a welder/fitter for Employer. In the petition, Claimant alleged that on January 30, 2003, while he was hand burning a piece he turned around to get a grinder and felt his ankle pop. Claimant also alleged that he informed his foreman of the injury on January 30, 2003 and submitted an accident report to Employer. On June 27, 2003, Employer filed an answer to the petition denying all of the material allegations raised therein, and hearings before a WCJ ensued.

At the hearings Claimant testified and presented the following documents: (1) a copy of the accident report he submitted to Employer; (2) Employer's panel physician posting in effect at the time of the injury which lists Worker's Care as one of Employer's workers' compensation panel physicians; (3) the "Clinical Worksheets" from office visits to Worker's Care on February 7, 2003, February 10, 2003, February 24, 2003 and March 3, 2003; (4) a bill from Worker's Care totaling $355.00 for these four office visits; and (5) a bill from Colburn Orthopedics totaling $95.00 for a pneumatic ankle control splint. In opposition to the claim petition, Employer presented the medical report of Jeffrey Kann, M.D.[2]

At the hearings, Claimant testified that on January 30, 2003, he was hand burning two pieces in the boom cell area, and he spun around to get his grinder when his right ankle popped. He felt pain in his right ankle and he almost went down to the ground. Ten minutes later, Claimant limped over to his foreman and told him what had happened. He filled out an accident report. He did not immediately seek treatment in the hopes that it would get better. After his ankle did not improve, he went to Vickie Weber at Employer's plant and he told her that he needed to see one of Employer's workers' compensation doctors. Ms. Weber made an appointment for Claimant for the next day with Worker's Care.

Claimant testified that he treated with Worker's Care on February 7, 10 and 24, 2003, and on March 3, 2003. He had seen Cynthia Porter, the Nurse Practitioner at Worker's Care on all but one of the office visits. He identified the medical records and bills from Worker's Care and the bill for a brace from Colburn Orthopedics. He was sent to Colburn Orthopedics for the ankle brace by Cynthia Porter. He wore the ankle brace under his work boots for three months beyond his last visit to Worker's Care, and then he stopped using the brace. He denied any prior history of ankle problems and indicated that the only prior lower extremity injury was a broken toe in the preceding year.

Employer presented the report of Dr. Kann, who conducted an independent medical examination of Claimant on November 6, 2003. Dr. Kann diagnosed Claimant with mild degenerative joint disease of the right ankle, with a small anterior loose body. Dr. Kann opined that this diagnosis has no causal relationship to Claimant's employment, and that the incident of Janu-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4; 2501—2626.

2. On September 29, 2003, while the matter was pending before the WCJ, the WCJ issued an interlocutory order directing Claimant to submit to an independent medical examination by Dr. Kann on November 6, 2003.

ary 30, 2003 was not the cause of this diagnosis.

On March 17, 2004, the WCJ issued a decision disposing of Claimant's claim petition in which he made the following relevant findings of fact:

7. Claimant's Exhibit No. 2 consists of the office records from Worker's Care on "Clinical Worksheet" forms.... The February 7th note indicates that the Claimant was being seen for a right ankle sprain and that "patient works as a welder [for Employer] ... patient was working at a work area on 1–30–03 and he felt his ankle pop, has had pain since ... denies any past history of injuries to right ankle" and beside that note there is a signature "J. Bowie, LPN." They note that the lateral/dorsal mid foot was tender but the patient demonstrated good heel/toe stance; that the findings were consistent with the history and the problem was occupationally related; and that they ordered an x-ray and recommended treatment with ice and over-the-counter Nsaid medication as needed. The February 10, 2003 slip reflects "patient here for scheduled rev. of right ankle" and x-rays, and that the patient complaining of "constant ache in right ankle, all the way around" but he was taking no medication. That note is signed "J. Bowie LPN" as was the first one.... The Claimant was again released for full-duty work and was instructed to use the ankle immobilizer and perform the ABC exercises and use Motrin. The February 24th record under the subjective area indicates "patient here for scheduled rev. of right ankle ... patient states ankle is getting better, stronger ... patient also states it still clicks occasionally ... patient got immobilizer on Friday and has been wearing it ... patient is doing home exercises and is taking Motrin ... patient is on full duties; this is okay if he's

not climbing or walking too much ... patient states pain moves from heel to top of foot, not always in same place." That is signed by H. Hanna.... The treatment plan was to continue using the air cast at work and take Ibuprofen as needed. On the note for March 3, 2003, the diagnosis is a resolving right ankle sprain/strain, and the notes reflect "patient here for scheduled rev. of right ankle sprain ... patient states ankle 'is coming' ... patient wearing ankle immobilizer at work; this seems to be working ... patient hasn't felt he need to take the Ibuprofen ... patient states that he still has some pain on top of foot, pain is less ... he can feel the pain when walking down stairs" and is signed by H. Hanna, M.A. Another area right below that which appears to have been initialed by Cynthia Porter indicates "has RTW full duties—tolerating well, not using ankle immobilizer or taking NSAID's." ... The treatment plan included return to work full duties, ankle immobilizer on uneven surfaces, and recheck as needed.

\* \* \*

9. Based upon a careful review of the entire record in this matter, and viewing the evidence as a whole, your [WCJ] believes and finds as fact that the Claimant suffered an injury to his right ankle while he was in the course and scope of his employment [for Employer] on January 30, 2003, as a result of which he obtained medical treatment including four (4) visits to Worker's Care and an ankle immobilizer support from Colburn Orthopedics which was ordered by Worker's Care. This much is clear and obvious to me based upon the Claimant's testimony. The focus upon the lack of any identifiable traumatic accident by Dr. Kann and the Employer ... did not

dissuade me from believing that the injury occurred at work as claimed. It was reported at work on the day that it happened; and then when the problem did not go away, the Claimant went to the appropriate people at the plant for guidance and sought and obtained medical treatment from one (1) of their panel providers. It is not the Claimant's fault that it appears that he was never actually seen by a physician at Worker's Care; they are a panel provider selected by the Employer. However, based upon the expert evidence from Dr. Kann and the lack of any corresponding expert evidence from the Claimant, I am not presently able to reach a finding of fact to the effect that the Claimant's ongoing right ankle problems are causally-related to the event that happened at work on January 30, 2003 ... In the event that the Claimant would need further treatment for his right ankle in the future because of his right ankle, the burden of proof will remain upon the Claimant to establish that those things are causally-related to the January 30, 2003 incident or are otherwise work-related.

WCJ Decision at 5–6, 7–8.

Based upon the foregoing, the WCJ concluded that Claimant had sustained his burden of proving that he was entitled to the award of medical benefits to pay for his four treatments at Worker's Care, their x-ray, and the cost of the pneumatic ankle control splint from Colburn Orthopedics. *Id.* at 8. Specifically, the WCJ concluded that "[i]t is clear to me that he at least sprained his ankle in the course of his employment on January 30, 2003; and he is entitled to an award of benefits under the [Act] for that incident despite the lack

of any specific identifiable trauma or dramatic 'accident'." *Id.* Accordingly, the WCJ issued an order directing Employer to, *inter alia,* pay the reasonable cost of Claimant's treatments at Worker's Care and Colburn Orthopedics, Inc. *Id.* at 9.

On April 1, 2004, Employer appealed the WCJ's decision to the Board. On December 9, 2004, the Board issued an opinion and order affirming the WCJ's decision. Employer then filed the instant petition for review.[3]

In this appeal, Employer claims that the Board erred in affirming the WCJ's decision because: (1) the WCJ erred in determining that Claimant was not required to produce competent unequivocal medical evidence in support of his claim petition; and (2) Claimant failed to meet his burden of proof by failing to submit competent unequivocal medical evidence in support of his claim petition.

We initially note that it is well settled that, with respect to a claim petition, a claimant bears the burden of establishing an entitlement to benefits and establishing all the elements necessary to support an award. *Dandenault v. Workers' Compensation Appeal Board (Philadelphia Flyers, Ltd.),* 728 A.2d 1001 (Pa. Cmwlth.1999); *Meadville Forging Company v. Workers' Compensation Appeal Board (Hawes),* 726 A.2d 1111 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 560 Pa. 676, 742 A.2d 173 (1999); *Old Republic Insurance Company v. Workers' Compensation Appeal Board (Mascolo),* 726 A.2d 444 (Pa.Cmwlth.1999). Thus, a claimant has the burden of proving that his or her injury arose in the course

---

3. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings

of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

of employment and was related thereto. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981); *Dandenault; Meadville Forging Company; Old Republic Insurance Company.*

■ In addition, in a workers' compensation proceeding, the WCJ is the ultimate finder of fact. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.)*, 83 Pa. Cmwlth.451, 479 A.2d 631 (1984). As the fact finder, the WCJ is entitled to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth.461, 593 A.2d 921, *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991). Questions of credibility and the resolution of conflicting testimony are within the exclusive province of the fact finder. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board (Jakel)*, 31 Pa. Cmwlth. 590, 377 A.2d 1007 (1977). Thus, determinations as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review. *Hayden.*

■ Moreover, "substantial evidence" is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164 (Pa.Cmwlth. 2003); *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152 (Pa.Cmwlth.1998). In performing a substantial evidence analysis, the evidence must be viewed in a light most favorable to the party who prevailed before the WCJ. *Waldameer Park, Inc.; Hoffmaster; American Refrigerator Equipment Co.* In a substantial evidence analysis where both parties present evidence, it is immaterial that there is evidence in the record supporting a factual finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding. *Waldameer Park, Inc.; Hoffmaster.*

Employer first claims that the Board erred in affirming the WCJ's decision because the WCJ erred in determining that Claimant was not required to produce competent unequivocal medical evidence in support of his claim petition. Specifically, Employer contends that WCJ erred in determining that Claimant was not required to produce competent medical opinion evidence from a medical doctor in support of his claim petition.

However, Section 422(c) of the Act provides, in pertinent part:

Where any claim for compensation at issue before a [WCJ] involves fifty-two weeks or less of disability either the employe or the employer may submit a certificate by any health care provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports....

77 P.S. § 835.

In turn, Section 109 of the Act defines "health care provider", in pertinent part, as:

[A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, ... nurse, ... and an officer,

employe or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. § 29.

In addition, the provisions of Section 422(c) of the Act apply where, as here, the claimant is only seeking the award of medical benefits to pay for his treatments at Employer's panel provider, Worker's Care, and the cost of the pneumatic ankle control splint from Colburn Orthopedics, Inc. *See, e.g., Montgomery Tank Lines v. Workers' Compensation Appeal Board (Humphries),* 792 A.2d 6, 11 (Pa.Cmwlth.2002) ("[I]n this case, because Claimant is not seeking any compensation benefits for loss of earning power, he, therefore, is not seeking any compensation for 'disability', and there was no claim for disability in excess of 52 weeks making the medical reports admissible....").

Moreover, contrary to Employer's assertion, the foregoing provisions of Section 422(c) relating to the admissibility of reports are not limited solely to the reports of physicians. Rather, this Court has determined that the reports of other "health care providers", as well as medical office notes, are admissible under Section 422(c) and can stand as sufficient evidence upon which a WCJ can base findings. Indeed, as this Court has previously noted:

Reliance on a chiropractor's report is appropriate where, as here, disability of 52 weeks or less is at issue. 77 P.S. § 835; *CPV Mfg., Inc. v. Workers' Comp. Appeal Bd. (McGovern),* 805 A.2d 653 (Pa.Cmwlth.2002). Also, medical office notes are admissible under the stat-

utory provision. *Westinghouse Elec. Corp./CBS v. Workers' Comp. Appeal Bd. (Simon),* 821 A.2d 1279 (Pa. Cmwlth.), *appeal denied,* 574 Pa. 768, 832 A.2d 437 (2003).

Considering the language of the Act and the cases decided thereunder, a report is competent evidence where disability of 52 weeks or less is at issue. Whether the content of the report sufficiently addresses matters at issue and whether the report is persuasive are questions relating to the credibility and to weight rather than to admissibility. We note that the statute permits a health provider certificate containing information which shall be admissible as evidence "of medical or surgical matters therein stated...." We specifically reject Employer's argument that a report must contain information on all topics mentioned in the statute before it is competent evidence; rather the document must originate from a health provider and must address the matters at issue.

*Budd Company v. Workers' Compensation Appeal Board (Kan),* 858 A.2d 170, 180 (Pa.Cmwlth.2004)

■ In short, the WCJ did not err in allowing the admission of the "Clinical Worksheet" forms completed by nurses at Employer's panel provider, Worker's Care, as they are "health care providers" as provided for in Sections 109 and 422(c) of the Act, and because Claimant is only seeking the award of medical benefits.[4] Thus, the WCJ did not err in determining that Claimant was not required to produce

---

4. At the hearing before the WCJ on August 21, 2003, Employer objected to the admission of the "Clinical Worksheet" forms into evidence. *See* N.T. 8/21/03 at 12–13. However, Employer did not assert that they are not the type of documents that are admissible under Section 422(c) of the Act. Rather, Employer merely asserted that they were objectionable "[j]ust to the extent that there's no proof of causations between any compensable work injury ... and the fact that they are not signed by the medical doctor, so they won't be competent to sustain an award of benefits." *Id.* at 13, 652 A.2d 797.

competent medical opinion evidence from a medical doctor in support of his claim petition, and Employer's claim to the contrary is without merit.

Finally, Employer claims that the Board erred in affirming the WCJ's decision because Claimant failed to meet his burden of proof by failing to submit competent unequivocal medical evidence in support of his claim petition. Specifically, Employer asserts that there is not substantial evidence supporting the award of medical benefits because Claimant did not present competent medical opinion evidence from a medical doctor in support of his claim petition.

■ Again, as outlined above, the "Clinical Worksheet" forms completed by nurses at Employer's panel provider, Worker's Care, are admissible under Section 422(c) and can stand as sufficient evidence upon which a WCJ can base findings as they are "health care providers" under Sections 109 and 422(c) of the Act, and because Claimant is only seeking the award of medical benefits. *Budd.* Whether the content of the forms sufficiently address the matters at issue, and whether the forms are persuasive are questions relating to the credibility and to weight of this evidence rather than to its admissibility. *Id.* Determinations as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review. *Hayden.*

■ In awarding medical benefits in this case, the WCJ accepted as credible Claimant's testimony regarding the occurrence of his work-related injury, noted that each of the "Clinical Worksheet" forms from Employer's panel provider indicates a diagnosis of a right ankle sprain/strain, and that the forms dated February 7, 2003 and February 24, 2003 indicate that this injury was occupationally related. *See* WCJ Decision at 1–2, 5–6, 8–9; Reproduced Record at 13a–16a. When viewing the evidence in a light most favorable to Claimant, which we must under *Waldameer Park, Inc.* and *Hoffmaster,* this is "substantial evidence" to support the WCJ's factual findings in this regard. In short, Employer's allegation of error in this regard is likewise without merit.[5]

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 21st day of June, 2005, the order of the Workers' Compensation Appeal Board, dated December 9, 2004 at No. A04–0871, is AFFIRMED.

---

5. In his appellate brief, Claimant contends that an award of counsel fees should be imposed against Employer pursuant to Pa.R.A.P. 2744 because the claims raised in the instant appeal are frivolous. An appeal is frivolous, thereby warranting the award of counsel fees and costs under Rule 2744, if it presents no justiciable question and is readily recognizable as devoid of merit in that there is little prospect for success. *City of Philadelphia v. Workers' Compensation Appeal Board (Harvey),* 690 A.2d 1293 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 549 Pa. 729, 702 A.2d 1061 (1997). Because the application of the provisions of Section 422(c) of the Act is an emerging area in workers' compensation law, *see, e.g., Budd,* such a conclusion cannot be reached based on the claims raised by Employer in this appeal and we will not accede to Claimant's request.