Wayne HUDDY, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (U.S. AIR), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 10, 2006.
Decided Aug. 1, 2006.

Daniel K. Bricmont, Pittsburgh, for petitioner.

Gerald R. O'Brien, Jr., Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge FRIEDMAN.

Wayne Huddy (Claimant) petitions for review of the April 22, 2005, order of the Workers' Compensation Appeal Board (WCAB), which reversed the decision of a workers' compensation judge (WCJ) granting Claimant's Review Petition and ordering U.S. Air (Employer) to pay fifty per-

cent of Claimant's ongoing psychiatric treatment. We reverse.

Claimant worked for Employer as a baggage handler until March 8, 1993, when he sustained a work-related injury in the form of a cervical strain. Subsequently, Claimant received benefits pursuant to a Notice of Compensation Payable (NCP). On August 2, 2001, Claimant filed a Review Petition, seeking to amend the NCP to include depression and anxiety. Employer filed a timely answer denying the allegations in the Review Petition, and hearings were held before a WCJ. (Findings of Fact, Nos. 1, 2.)

In support of his Review Petition, Claimant testified about his work injuries, the related medical and surgical treatment he received and the subsequent onset of depression and anxiety. Claimant described having constant pain, depression and suicidal thoughts, as well as other continuing limitations and symptoms from his 1993 work injury.[1] (R.R. at 261a, 272a–74a, 277a, 287a–88a; Findings of Fact, No. 2.)

Claimant also presented the deposition testimony of W. Randolph Richardson, M.D., Claimant's treating psychiatrist since 1997.[2] Dr. Richardson testified that Claimant developed major depressive disorder of the recurrent type due to chronic pain syndrome resulting from the work injury. Dr. Richardson indicated that Claimant was subject to episodic stressors in his life, which contributed to and/or increased the symptoms associated with Claimant's baseline pain-induced depression. Further, Dr. Richardson stated that Claimant had a familial predisposition to depression or mood disturbances which, when added to the chronic pain from Claimant's work injury, resulted in Claimant's need for ongoing psychiatric treatment. In fact, Dr. Richardson believed that without psychiatric care, Claimant would have committed suicide. Finally, Dr. Richardson opined that the prognosis for Claimant's recovery was poor and that Claimant would not be able to maintain employment as a result of these psychological developments. (R.R. at 198a–99a, 204a, 206a; Findings of Facts, No. 3.)

In opposition to Claimant's Review Petition, Employer presented the deposition testimony of Stuart S. Burstein, M.D., who evaluated Claimant on September 21, 1994, June 30, 1995, and July 14, 2000. Dr. Burstein described his understanding of Claimant's medical history and psychological background, assessed Claimant's clinical profile and reviewed Claimant's medications as well as developments in Claimant's family life. Based on these factors, Dr. Burstein ultimately concluded that Claimant had recovered from any work-related mental injury by January 1996 and that Claimant's current psychological profile was linked to other non-work-related developments.[3] However, on cross-examination, Dr. Burstein admitted that, prior to January 1996, Claimant's depression was "related" or "attributed" to his 1993 work injury. Dr. Burstein testi-

---

1. Roseann Huddy, Claimant's wife, testified by deposition stating that Claimant had a brother die in 1996 and another die in 2001, and that Claimant was diagnosed with prostate cancer in 2002. (R.R. at 45a, 47a, 54a–55a.)

2. From 1994 until 1997, Claimant received psychiatric treatment from Frank Geer, M.D., a board-certified psychiatrist. Prior to assuming Claimant's care in 1997, Dr. Richardson discussed Claimant's psychological health and condition with Dr. Geer and reviewed all available records. (R.R. at 196a–98a.)

3. Dr. Burstein testified that these other non-work-related factors included a familial disposition to depressive illness and the sudden death of Claimant's brother in January 1996. (R.R. at 93a, 98a–99a.)

fied that when he evaluated Claimant in 1994 and 1995, Claimant had no pre-existing or contributing personality disorders. (R.R. at 62a–63a, 106a–07a; Findings of Fact, No. 4.)

The WCJ credited the testimony of each medical witness in part.[4] Specifically, the WCJ accepted Dr. Richardson's opinion that the effects of Claimant's work injuries, i.e. chronic pain, have contributed to Claimant's current mental condition. Additionally, the WCJ accepted Dr. Burstein's opinion that other non-work-related developments in Claimant's life were substantial contributing factors to Claimant's current mental condition. (Findings of Fact, No. 5.)

Based on the credible evidence, the WCJ concluded that: (1) Claimant had satisfied his burden in part by proving that his depression and anxiety were due partially to his 1993 work-related injury; (2) Employer successfully established that the 1993 work-related injuries were not the sole and exclusive factors contributing to Claimant's need for psychiatric care; and (3) additional, non-work-related factors contributed to Claimant's condition.[5] (Conclusions of Law, No. 1.) Accordingly, the WCJ granted Claimant's Review Peti-

tion in part, amending the NCP to include Claimant's depression and anxiety, but making Employer liable for only fifty percent of Claimant's psychiatric treatment. (Findings of Fact, No. 5.) Both Claimant and Employer appealed to the WCAB.

On appeal, the WCAB reversed, concluding that Claimant was unable to sustain his burden of proving that the 1993 work injury was a "substantial contributing factor" in his current mental injury where neither Dr. Richardson nor Dr. Burstein testified that such was the case. (WCAB op. at 7.) Claimant now petitions this court for review.[6]

Claimant contends that because the record contains substantial evidence to support the WCJ's decision to amend the NCP to include Claimant's depression and anxiety, the WCAB erred in reversing that decision. We agree.

When, as here, a claimant is seeking to amend an NCP pursuant to section 413(a) of the Workers' Compensation Act (Act),[7] he has the burden to prove that his disability has increased and that the original work-related injury caused the amending disability. *Jeanes Hospital v. Workers' Compensation Appeal Board (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005).[8]

4. In a workers' compensation proceeding, the WCJ is the ultimate fact finder and is entitled to accept or reject the testimony of any witness, including medical witnesses, in whole or in part. *Joy Global, Inc. v. Workers' Compensation Appeal Board (Hogue)*, 876 A.2d 1098 (Pa.Cmwlth.2005). Furthermore, questions of credibility and the resolution of conflicting testimony are within the exclusive province of the WCJ and, thus, are not subject to appellate review. *Id.*

5. The WCJ cited as non-work-related factors in Claimant's ongoing depression: (1) Claimant's predisposition to depression; (2) the death of Claimant's brothers; and (3) Claimant's development of cancer. (Findings of Fact, No. 5.)

6. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

7. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

8. In *Jeanes Hospital*, 582 Pa. at 419, 872 A.2d at 167, our supreme court held that:

injuries that result or flow from the original injury represent an increase in disability[ ] [because] ... an increase in the extent or severity of the injuries increases the length of impairment that will be reflected in an

Accordingly, Claimant has the burden of establishing the causal relationship between his work-related cervical injury and his psychiatric disability by unequivocal medical testimony. *Westinghouse Electric Corporation/CBS v. Workers' Compensation Appeal Board (Burger)*, 838 A.2d 831 (Pa.Cmwlth.2003).

■ After reviewing the record as a whole, we conclude that there is substantial evidence to support the WCJ's amendment of the NCP to include Claimant's depression and anxiety. First of all, both Employer's expert, Dr. Burstein, and Claimant's expert, Dr. Richardson, *testified* that, *prior to the work injury, Claimant had no pre-existing condition of personality disorders or history of depression.*[9] (R.R. at 106a–07a, 111a–12a, 202a.) Moreover, *both* Dr. Burstein and Dr. Richardson *agreed that Claimant's depression was attributable to, related to or caused by the chronic pain resulting from his work injury.* (R.R. at 106a–07a, 199a, 223a.) Finally, the WCJ rejected the testimony of Employer's expert that

Claimant had fully recovered from the work-related mental injury. Because Claimant has presented substantial evidence, i.e. undisputed medical expert testimony, to support the WCJ's amendment of the NCP to include depression and anxiety, and because Employer failed to establish that Claimant had fully recovered from any work-related mental injury, the WCAB erred in reversing the WCJ's decision.

■ Additionally, Claimant avers that the WCJ erred in holding Employer liable for only fifty percent of the cost of Claimant's psychiatric treatment. Claimant maintains that the Act does not support the apportionment of workers' compensation benefits in this situation, and Employer is responsible for one hundred percent of Claimant's medical bills. We agree.

Once a claimant demonstrates that he suffered a work-related injury, the employer is liable to compensate the claimant for that injury. Section 301(a) of the Act, 77 P.S. § 431.[10] Further, section 306(f) of the

---

overall reduction in earnings and, therefore, the increase, decrease, recurrence, or cessation of the injury has a direct impact on earning capacity, viz. disability.

9. Relying on *Newcomer v. Workmen's Compensation Appeal Board (Ward Trucking Corp.)*, 547 Pa. 639, 692 A.2d 1062 (1997), Employer asserts that Dr. Richardson's testimony is not competent because it is not supported by the evidence of record and because Dr. Richardson did not review all of Claimant's medical records. This reliance is misplaced. In *Newcomer*, the claimant's expert opined that the claimant suffered from a work-related shoulder injury, basing this opinion *solely* on the *false* medical history provided by the claimant, without any personal review of the records relating to Claimant's original injury. In affirming the denial of the petition to reinstate benefits, our supreme court concluded that, although an expert witness may base an opinion on facts of which he has no personal knowledge, those facts must be supported by evidence of record and

a medical opinion that is not supported by the record is not competent. *Id.* That is not this case. Unlike the physician in *Newcomer*, Dr. Richardson reviewed and relied upon various medical records, which provided evidence of Claimant's ongoing depression and the effect of the 1993 work injury on this depression. (R.R. at 197a–98a, 202a, 227a–29a.) We note that "the fact that a medical expert does not have all of a claimant's medical records goes to the weight given the expert's testimony, not its competency." *Marriott Corporation v. Workers' Compensation Appeal Board (Knechtel)*, 837 A.2d 623, n. 10 (Pa.Cmwlth.2003) (quoting *Samson Paper Company and Fidelity Engraving v. Workers' Compensation Appeal Board (Digiannantonio)*, 834 A.2d 1221, 1224 (Pa.Cmwlth.2003)). Accordingly, we reject Employer's assertion that Dr. Richardson's testimony was not competent.

10. *See also Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182 (Pa.Cmwlth.1998) (once an employer accepts lia-

Act requires an employer to provide payment for any reasonable medical services related to the compensable injury. 77 P.S. § 531. Neither section of the Act contemplates or supports the WCJ's apportionment scheme here.[11] Absent authority, we conclude that the WCJ erred by holding Employer liable to pay only fifty percent of the cost of Claimant's treatment for work-related depression and anxiety.

For the foregoing reasons, the WCAB's order denying Claimant's Review Petition is reversed, and the WCJ's order granting the Review Petition is reinstated as modified in accordance with the foregoing opinion.

## ORDER

AND NOW, this 1st day of August, 2006, the order of the Worker's Compensation Appeal Board, dated April 22, 2005, is hereby reversed. Additionally, the order of the workers' compensation judge, dated October 16, 2003, is hereby reinstated as modified in accordance with the foregoing opinion.

## DISSENTING OPINION BY Judge LEADBETTER.

I agree with the majority that the WCJ erred in requiring employer to pay only 50% of the cost of claimant's psychiatric treatment. Under the circumstances presented here, employer must be liable for payment of all such expenses, to the extent they are work-related, or none at all, to the extent they are not. I also agree that the Board erred in holding that the record did not support an award of such benefits.

I must respectfully dissent, however, from the majority's outright reversal of the Board's decision. Based upon conflicting medical evidence, the WCJ found:

The claimant's contention that he is and has been experiencing behavioral difficulties warranting the treatment provided by Dr. Geer (previously), and Dr. Richardson, is accepted, however his contention that this treatment has been necessitated exclusively as the result of work injuries giving rise to this claim is not accepted, and the credible evidence of record supports a determination that there have been numerous substantial contributing factors to the difficulties he has been experiencing, such that these difficulties are not attributable exclusively to the work injuries giving rise to this claim, but rather attributable to, among other things, a familial predisposition to these difficulties, other non-work related stressful and troubling developments in the claimant's life, inclusive of the death of siblings, and finally, his other non-work related medical difficulties, inclusive of the development of cancer.

bility for work-related injury, it may not cease payment of benefits in the absence of a supplemental agreement, final receipt or WCJ's order terminating claimant's benefits).

11. This court has recognized two scenarios where apportionment is appropriate in a workers' compensation case; however, neither applies here. *See Safety National Casualty Corporation v. Workers' Compensation Appeal Board (Draper and PMA Insurance Group)*, 887 A.2d 809 (Pa.Cmwlth.2005) (stating that apportionment is appropriate where: (1) a claimant suffers from two separate work-related injuries resulting in two entirely separate medically disabling conditions, both of which combined cause total disability or lack of earning power; or (2) an initial workplace injury leads to a medical condition causing a partial disability, or impairment of earning power, and then a second workplace injury results in a total loss of earning power).

Given these considerations, the testimony of Dr. Richardson to the effect that the work injuries giving rise to this claim have contributed to the claimant's current behavioral difficulties is accepted; but Dr. Burstein's contention that the other developments, as reviewed above, have played a significant role in the claimant's current behavioral difficulties, and as such constitutes substantial contributing factors, is also accepted, and is also supported by credible testimony and evidence of record.

WCJ's opinion at 2, Finding of Fact No. 5. On appeal, the Board reversed the award of psychiatric benefits, holding that:

When a claimant's mental condition is the result of both work-related and non-work-related factors, the claimant must prove that his physical work injury was a substantial contributing factor among the non-work-related causes in bringing about his mental injury. *See Taulton v. Workers' Compensation Appeal Board (USX Corp.)*, 713 A.2d 142 (Pa.Cmwlth. 1998). It is insufficient to show that the claimant's physical work injury was merely a contributing factor. *See Id.*

. . . .

[W]e have determined that the credible evidence does not establish Claimant's 1993 work injury was a substantial contributing factor to his psychological condition of depression, and have reversed the Judge's Decision granting in part the Review Petition based on the fact that both Dr. Richardson and Dr. Burstein testified merely that Claimant's 1993 work injury was a contributing factor among other non-work-related and

personal stressors, not a substantial contributing factor, as Claimant is required to show in order to meet his burden of proof on the Review Petition.

The Board's statement of law is correct, *i.e.*, that claimant has the burden of proving that the work-related injury is a substantial contributing, not just a contributing, factor. Nonetheless, I believe the testimony could support either conclusion, and that the talismanic significance the Board has placed on the use—or non-use—of the word "substantial" is misplaced. That said, whether a factor substantially contributes to the claimant's condition is a question of fact, and the WCJ's language provides little basis to determine with any degree of certainty which he has found.[1] Accordingly, I believe that the case should be remanded so that the WCJ can clarify his findings.

Judge COHN JUBELIRER and Judge LEAVITT join this dissenting opinion.

1. At first blush, the majority's interpretation appears to be supported by the WCJ's comment that his 50% allocation was "an equitable assessment of liability for the payment of the treatment and medication under review, given the numerous substantial contributing factors to the claimant's *prior and current* difficulties, inclusive of both those which are work related as well as non-work related." WCJ's opinion at 3, Finding of Fact No. 5 (emphasis added). However, since it is undisputed that claimant's prior psychiatric difficulties were significantly work-related, I find this statement indeterminate as well.