IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State University and    :
The PMA Insurance Group,    : No. 466 C.D. 2014
   : Submitted: July 11, 2014
                Petitioners    :
   :
           v.    :
   :
Workers' Compensation Appeal    :
Board (Malec),    :
   :
            Respondent    :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN             FILED: August 26, 2014

       Pennsylvania State University and The PMA Insurance Group (collectively, Employer) petition for review of the February 19, 2014, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) granting Dolores Malec's (Claimant) petition to review workers' compensation benefits (review petition), denying Claimant's petition for assessment of penalties (penalty petition), and denying Employer's petition to terminate Claimant's workers' compensation benefits (termination petition). We affirm.

On May 12, 2001, while working as a police officer for Employer, Claimant injured her right knee on a routine patrol when she stepped into a hole. On March 21, 2002, Employer acknowledged a work-related injury of right knee strain in a notice of compensation payable. A September 12, 2002, supplemental agreement suspended Claimant's benefits upon her return to work, effective September 1, 2002.[1] (WCJ's Findings of Fact, Nos. 4-5.)

On July 21, 2011, Claimant filed a penalty petition against Employer, alleging that Employer failed to pay for Claimant's reasonable, necessary, and causally related medical treatment in violation of the Workers' Compensation Act (Act).[2] On August 30, 2011, at a hearing before the WCJ, Claimant testified that after she suffered the May 12, 2001, work-related injury, Gary Canner, M.D., performed surgery, and Claimant continued treating with Dr. Canner after the surgery. Claimant further testified that she eventually stopped treating "for maybe three years" and was just "living with the pain." Claimant testified that "the pain is constant" and "since the injury, I've never been a day without pain. Somedays it's less than others, but the pain is always there." Claimant wears a knee brace and takes ibuprofen for pain. (WCJ's Findings of Fact, Nos. 5-7.)

Claimant denied suffering any additional incidents in which she injured her right knee after the May 12, 2001, work-related injury. Claimant acknowledged

---

[1] The WCJ noted that this supplemental agreement contained a typographical error by suspending wage loss benefits effective September 1, 2001, instead of September 1, 2002. (WCJ's Findings of Fact, No. 4.)

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

that she sought treatment from Daniel J. D'Arco, M.D. Claimant currently works as a county detective for the district attorney's office and as an armed security guard. (*Id.*, Nos. 6, 8.)

On September 12, 2011, Claimant filed a review petition against Employer under section 413 of the Act, 77 P.S. §771, seeking to expand the description of her work-related injury to include "traumatic aggravation to DJD right knee, internal derangement, torn lateral meniscus and patella injury." (R.R. at 64a.) On November 10, 2011, Employer filed a termination petition, alleging that Claimant had fully recovered from her work-related injury.[3]

In support of her review petition, Claimant presented Dr. Canner's deposition. Dr. Canner, a board-certified orthopedic surgeon, testified that he performed a partial lateral meniscectomy and a chondroplasty of the patella on Claimant's right knee on July 5, 2002, to treat lateral meniscus damage and osteochondral damage. Dr. Canner also explained that the May 12, 2001, injury and subsequent surgery resulted in the loss of meniscal and articular cartilage and that, after such an injury, the cartilage does not grow back. Dr. Canner opined that as of Claimant's last office visit, Claimant had not fully recovered from the work-related injury and that the work-related injury was a substantial contributing factor to the damage to Claimant's lateral meniscus and patella. (*Id.*, Nos. 12, 15, 16.)

On cross-examination, Dr. Canner admitted that on May 17, 2011, when he examined Claimant, she exhibited degenerative joint disease in the medial

---

[3] The WCJ consolidated the penalty, review, and termination petitions.

compartment and patellofemoral joints. Dr. Canner also admitted that Claimant had suffered injuries to her right knee in 1995 and 1998, which did not require surgery. (*Id.*, Nos. 17, 18.)

In support of its termination petition, Employer presented the deposition testimony of Prodromos Ververeli, M.D., a board-certified orthopedic surgeon who conducted an independent medical examination of Claimant on September 19, 2011. Dr. Ververeli testified that Claimant's work injury consisted of a right knee strain and that Claimant had fully recovered from the injury as of June 9, 2003. (*Id.*, Nos. 19-20.)

On August 7, 2012, the WCJ issued an order denying the penalty and termination petitions and granting the review petition. The WCJ noted that "the issues in this case are primarily medical." (*Id.*, No. 11.) The WCJ accepted as credible Dr. Canner's opinion that Claimant's May 12, 2001, work-related injury substantially contributed to Claimant's meniscal-cartilage damage and the osteochondral damage to her patella. (*Id.*, No. 18.) The WCJ rejected Dr. Ververeli's opinions where they conflicted with Dr. Canner's. (*Id.*, No. 22.)[4] Accordingly, the WCJ amended Claimant's work-related injury "to include damage to Claimant's meniscal cartilage, specifically the lateral meniscus, as well as osteochondral damage to the patella." (WCJ's Order, No. 2.)

---

[4] The WCJ noted that "Dr. Ververeli only evaluated Claimant on one occasion and did not have an opportunity to observe the inside of Claimant's right knee during surgery." (WCJ's Findings of Fact, No. 22.)

4

Employer appealed to the WCAB, which affirmed. Employer now petitions this court for review.[5]

Employer argues that the WCJ erred in granting Claimant's review petition based upon Dr. Canner's medical opinions. We disagree.

The WCJ is the ultimate factfinder and determines the weight and credibility of the evidence. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). "As such, the WCJ is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part." *Id.* Here, the WCJ specifically found Dr. Canner's medical opinion to be more credible than Dr. Ververeli's.

Employer asserts that Dr. Canner offered internally conflicting, equivocal medical opinions. Equivocal medical testimony is incompetent as evidence. *Coyne v. Workers' Compensation Appeal Board (Villanova University)*, 942 A.2d 939, 954 (Pa. Cmwlth. 2008). However, Dr. Canner's testimony was not equivocal. Dr. Canner testified unequivocally that Claimant's work-related injury was a substantial contributing factor to Claimant's damaged lateral meniscus and patella and that he performed an "arthroscopy of the right knee with a partial lateral meniscectomy and a chondroplasty of the patella." (R.R. at 100a.) It is true that Dr. Canner noted that Claimant's discomfort on May 17, 2011, was related to "complete

---

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

5

collapse of the medial compartment with degenerative joint disease in the medial compartment and patellofemoral joints" and that "she had no lateral compartment pain." (R.R. at 139a-140a.) However, Dr. Canner never contradicted his assertions that he performed surgery on the lateral meniscus and that the work-related injury substantially contributed to the damage to Claimant's lateral meniscus and patella.

Employer also asserts that Dr. Canner's opinions were "based on an incomplete medical history," without offering any specific medical record that Dr. Canner did not consider. (Employer's Br. at 17.) Regardless, whether or not a doctor has reviewed all medical records goes to the weight of the evidence, not its competency. *See Huddy v. Workers' Compensation Appeal Board (U.S. Air)*, 905 A.2d 589, 593 n.9 (Pa. Cmwlth. 2006).

Claimant had the burden of proving that additional damage to her right knee arose as a natural consequence of the work-related injury. *See Commercial Credit Claims v. Workmen's Compensation Appeal Board (Lancaster)*, 728 A.2d 902, 905 (Pa. 1999). We agree with the WCJ that Dr. Canner's opinions provided competent evidence on which to find that Claimant had met her burden in the review petition.

Employer also argues that the WCJ failed to issue a reasoned decision as required by section 422(a) of the Act. Specifically, Employer argues that the WCJ failed to explain: (1) his rejection of Dr. D'Arco's testimony that the work-related injury had resolved; and (2) the fact that Claimant's discomfort on May 17, 2011, was

caused by damage to the medial meniscus as opposed to the lateral meniscus. We disagree.

Section 422(a) of the Act requires the WCJ to render a reasoned decision that contains findings of fact and conclusions of law based on the record as a whole. 77 P.S. §834. The WCJ must also concisely explain the rationale for his or her decision. *Id.* A decision is "reasoned" if it allows for adequate appellate review without the need for further explanation. *See Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Company)*, 893 A.2d 191, 194 (Pa. Cmwlth. 2006).

Employer also argues that the WCJ "inexplicably ignored the key evidence from treating orthopedic surgeon, Dr. D'Arco." (Employer's Br. at 20.) Employer focuses entirely on one sentence in Dr. D'Arco's report from April 21, 2010, which states that "[Claimant's] knee has hurt in the past but it resolved." Claimant visited Dr. D'Arco for treatment of an ankle injury, not a knee injury. Thus, Dr. D'Arco's report about his treatment of Claimant's ankle has no significant relationship to the findings regarding Claimant's right knee. Moreover, viewed in their entirety, Dr. D'Arco's reports do not indicate a full recovery. Instead, to the extent that Dr. D'Arco did examine the knee, he noted a trace of knee swelling, that "[Claimant] wants to check her knee," and that "her symptoms includes[sic] sharp[,] severe pain." (R.R. at 311a-313a.) The WCJ was not required to discuss Dr. D'Arco's report at length in order to issue a reasoned decision.

7

Employer also argues that the WCJ did not issue a reasoned decision because "the WCJ only found the lateral meniscus to be a work injury and there is no similar finding as to the currently problematic medial meniscus." (Employer's Br. at 30.) To reiterate, Dr. Canner's testimony supports the WCJ's determination that Claimant's work-related injury damaged her lateral meniscus and patella. The WCJ did not amend the work-related injury to include the damage to the medial meniscus, nor did the WCJ need to discuss this non-work-related injury in order to issue a reasoned decision.

Thus, we conclude that the WCJ set forth concise findings of fact and adequately explained the bases for his factual findings and credibility determinations to sufficiently support appellate review.

Finally, Employer argues that it met its burden in the termination petition of proving that Claimant has fully recovered from her work-related injury. We disagree.

The employer bears the burden of proof in a termination proceeding. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 705 A.2d 1290, 1293 (Pa. 1997). "In order to terminate benefits, the employer must establish that all disability related to a compensable injury has ceased." *Id.* at 1291. The WCJ determined that Dr. Ververeli's opinions were not credible where they conflicted with Dr. Canner's. Accordingly, Employer did not present any evidence indicating that all disability related to the work-related injury has ceased and, therefore, failed to meet its burden.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

Judge Cohn Jubelirer did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State University and : 
The PMA Insurance Group, : No. 466 C.D. 2014
 :
                        Petitioners : 
 :
              v. : 
 :
Workers' Compensation Appeal : 
Board (Malec), : 
 :
              Respondent : 

O R D E R

AND NOW, this 26th day of August, 2014, we hereby affirm the February 19, 2014, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge