Todd Bartee,                                    :
                                               : No. 2019 C.D. 2015
                          Petitioner            : Submitted: April 15, 2016
                                               :
            v.                                  :
                                               :
Workers' Compensation Appeal                    :
Board (Pocono Mountain School                   :
District),                                      :
                                               :
                          Respondent            :


Pocono Mountain School District                 :
and Inservco Insurance Services,                : No. 2087 C.D. 2015
                                               : Submitted: April 15, 2016
                          Petitioners           :
                                               :
            v.                                  :
                                               :
Workers' Compensation Appeal                    :
Board (Bartee),                                 :
                                               :
                          Respondent            :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                         FILED: July 6, 2016


            Todd Bartee (Claimant) petitions for review and Pocono Mountain

School District (Employer) cross petitions for review from an order of the Workers'

Compensation Appeal Board (WCAB) affirming a Workers' Compensation Judge's

decision to deny Claimant's petition to reinstate compensation benefits (reinstatement petition) and to deny Employer's petitions to review compensation benefits (review petition) and to terminate benefits (termination petition).[1] We affirm.

Claimant worked for Employer as a school bus driver. (WCJ's Findings of Fact, No. 7.) On April 21, 2011, Claimant felt a pop in his shoulder when he turned the steering wheel on the bus. (*Id.*) Employer issued a notice of workers' compensation denial, indicating that although Claimant suffered a right shoulder strain on April 12, 2011, Claimant was not disabled as a result of the injury. (*Id.*, No. 1.) On July 6, 2011, Employer issued a temporary notice of compensation payable (NCP) accepting that Claimant suffered a "right shoulder rotator cuff tear" on April 12, 2011. (*Id.*, No. 2.) Employer suspended Claimant's benefits on January 3, 2012. (*Id.*)

On May 28, 2013, Claimant filed a claim petition alleging that on February 13, 2013, he tore his right rotator cuff when he forcefully turned the school bus steering wheel. (*Id.*, No. 3.) Claimant subsequently amended the injury date to January 30, 2013. (*Id.*) Claimant also filed a penalty petition alleging that Employer violated the Workers Compensation Act[2] (Act) by failing to issue required documents. (*Id.*)

---

[1] The WCJ also denied Claimant's claim and penalty petitions. Claimant did not appeal those denials.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

2

On September 9, 2013, Claimant filed a reinstatement petition alleging a worsening of his April 12, 2011, work injury, and seeking reinstatement of indemnity benefits as of January 30, 2013. (*Id*., No. 5.) Employer filed an answer denying the allegations. (*Id.*)

On October 31, 2013, Employer filed a review petition, alleging that as of July 6, 2011, the NCP contained an incorrect injury description. (*Id.*, No. 6.) Employer also filed a termination petition, alleging that Claimant had fully recovered from his April 12, 2011, injury as of April 26, 2013. (*Id.*)

At the WCJ's hearing, Claimant testified that on January 30, 2013, he was driving the school bus and, as he was turning left, he felt pain in his upper right shoulder. (*Id.*, No. 8.) Claimant testified that after his shift he reported his injury to Dora LaBarre, Claimant's supervisor and Employer's bus dispatcher. (*Id.*)

Claimant also presented the testimony of Gregory Menio, M.D., who is board certified in orthopedics and has treated Claimant since 1999 for a variety of orthopedic conditions. (*Id.*, No. 11.) Dr. Menio saw Claimant on May 26, 2011, for his April 12, 2011, injury. (*Id.*) A magnetic resolution imaging (MRI) revealed a rotator cuff tear. (*Id.*) Dr. Menio performed surgery on July 20, 2011, to repair the tear. (*Id.*, No. 12.) During the surgery, Dr. Menio found that Claimant's labrum was torn below the biceps tendon and there was a full thickness rotator cuff tear. (*Id.*) Dr. Menio acknowledged that by December 2011, Claimant had full range of motion and, on January 3, 2012, Dr. Menio released Claimant to full duty. (*Id.*, No. 13.)

3

Claimant saw Dr. Menio again on February 8, 2013, where Claimant complained of right shoulder pain with overhead activity. (*Id.*, No. 14.) Dr. Menio diagnosed Claimant with shoulder pain, arthritis, and a possible recurrent rotator cuff tear. (*Id.*) According to Dr. Menio, Claimant did not mention a January 30, 2013, work injury. (*Id.*)

A subsequent MRI confirmed that Claimant had a recurrent rotator cuff tear. (*Id.*, No. 15.) Dr. Menio opined that Claimant's recurrent tear was either directly or indirectly related to his April 12, 2011, injury. (*Id.*) Dr. Menio referred Claimant to a surgeon for a hemiarthroplasty, the replacement of the ball and socket with an implant, which surgery Claimant underwent on August 20, 2013. (*Id.*, No. 16.)

LaBarre testified that Claimant did not report a work-related injury to her on or after January 30, 2013. (*Id.*, No. 8.) LaBarre specifically stated that Claimant did not report a sharp pain in his arm after his shift on January 30, 2013. (*Id.*) On that day, Claimant was on a bus trip and did not return until 8:00 p.m., and LaBarre had already left for the day. (*Id.*) LaBarre testified that Claimant did not complete or request an incident investigation report. (*Id.*) Claimant never complained to LaBarre about any problems performing his job and did not miss any work after January 30, 2013. (*Id.,* No. 9.)

Employer also presented the testimony of Richard Schmidt, M.D., a board certified orthopedic surgeon, who examined Claimant on April 26, 2013. (*Id.*, No. 17.) Dr. Schmidt opined that Claimant suffered a transient type of injury on

4

April 12, 2011, and that Claimant had fully recovered as of April 26, 2013. (*Id.*, No. 21.) Dr. Schmidt opined that Claimant did not suffer a torn rotator cuff on April 12, 2011, and surgery was not necessary. (*Id.*)

The WCJ credited Claimant regarding his complaints of pain and further credited the testimony of LaBarre that Claimant did not provide her notice of a new injury in 2013. (*Id.*, Nos. 22, 23.) The WCJ also credited the testimony of Dr. Menio that Claimant sustained a work injury on April 12, 2011, in the form of a right rotator cuff tear, which necessitated surgery, and a recurrent rotator cuff tear in 2013. (*Id.*, No. 24.)

Based on his credibility determinations, the WCJ concluded that Claimant failed to meet his burden of proving that he sustained a new work-related injury on January 30, 2013, and therefore, denied Claimant's claim petition. The WCJ also determined that Claimant was not entitled to a reinstatement of benefits as of January 30, 2013. The evidence established that Claimant continued to work until the summer of 2013, noting that Claimant does not work for Employer in the summer. Further, claimant was not entitled to a reinstatement following the August 20, 2013, surgery, because there was no evidence that Claimant missed any time from work. The WCJ also denied and dismissed Claimant's penalty petition. Finally, based upon his credibility determinations, the WCJ denied and dismissed Employer's review and termination petitions. Claimant appealed the denial of the reinstatement

5

petition to the WCAB and Employer appealed the denial of its review and termination petitions. The WCAB affirmed and this appeal followed.[3]

Claimant initially argues that the WCJ erred in denying his reinstatement petition. A claimant seeking reinstatement of benefits bears the burden of proving that his earning power is once again adversely affected by his work-related disability and that the disability that gave rise to the original claim continues. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 552 (Pa. 2010).

Here, the WCJ correctly concluded that Claimant failed to meet his burden to prove that his earning power was adversely affected as of January 30, 2013, by the April 12, 2011, work injury. Specifically, as of January 30, 2013, Claimant continued to perform his job without restrictions, accommodation, or loss of earnings. Claimant continued to perform his duties until the end of the school year in June 2013. Claimant does not work in the summer months. Thus, Claimant failed to prove a loss of earning power.

Claimant also argues that in denying his reinstatement petition, the WCJ erred in failing to address his November 4, 2013, testimony. Specifically, Claimant testified that he could not work due to the August 20, 2013, surgery on his right shoulder, which was performed by Dr. Lazarus. Citing *Latta v. Workers'*

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

*Compensation Appeal Board (Latrobe Die Casting Company)*, 642 A.2d 1083 (Pa. 1994), Claimant maintains that his testimony alone was sufficient to establish disability.

In *Latta*, the claimant testified that he was still experiencing the effects of a 1977 work injury during March 1983 to June 1987, for which he sought a reinstatement of benefits. The Pennsylvania Supreme Court stated that the claimant's testimony alone, that he continued to suffer the effects of his original work injury, if believed, was sufficient to support a reinstatement.

Here, unlike *Latta,* as discussed by the WCAB, Claimant did not testify that the effects of his original injury continued. Rather, Claimant testified that he had surgery on August 20, 2013, and that he could not work because of the surgery. The WCJ did not find that the August 20, 2013, surgery was related to the original work injury. Thus, Claimant did not meet his burden of proving that his earning power is adversely affected by the same disability for which Claimant initially received benefits.

Finally, Claimant argues that the WCAB erred in failing to address the issue of whether the WCJ failed to address Claimant's November 4, 2013, testimony. The WCAB, however, specifically addressed this issue in its opinion (WCAB Op. at 9-10). The WCAB stated that "[a] WCJ is not required to make findings of fact on all the evidence presented, but only on such matters as necessary to resolve all essential issues so that the [WCAB] has an opportunity to exercise meaningful review. *Pistella v. W[orkers'] C[ompensation] A[ppeal] B[oard] (Samson Buick Body Shop)*,

7

633 A.2d 230 (Pa. Cmwlth. 1993)." (WCAB Op. at 9.) Further, the WCAB noted that Claimant did not submit any evidence that his August 2013 injury was related to his 2011 work injury.

We next address Employer's contention that the WCJ erred in denying Employer's petition to review. Section 413(a) of the Act states that a WCJ may, at any time, modify an NCP if it is proven that the NCP was in any material respect incorrect. 77 P.S. §771. An employer can challenge an NCP based on a material mistake where the claimant was not forthcoming with information. *See Phillips v. Workmen's Compensation Appeal Board (Edgar Construction Company)*, 545 A.2d 869, 872 (Pa. 1988) (willful concealment of relevant medical evidence resulted in voiding of compensation agreement).

Here, Employer argues that Claimant provided an inaccurate and incomplete medical history to Dr. Menio and that because of this faulty medical history, Dr. Menio's opinion regarding causation is incompetent. Thus, Employer argues that the injury on the July 6, 2011, NCP, a right rotator cuff tear, which was based on Dr. Menio's testimony, constitutes a material mistake of fact. We disagree.

The WCJ determines the weight and credibility of the evidence and may accept or reject the testimony of any witness. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). Also, the failure of a medical witness to review all of a claimant's medical records goes to the weight of the expert's testimony, not its competency. *Huddy v. Workers'*

*Compensation Appeal Board (U.S. Air)*, 905 A.2d 589, 593 n.9 (Pa. Cmwlth. 2006) (*en banc*).

Finally, Employer argues that the WCJ erred in denying its petition to terminate benefits. Termination is proper where the medical expert testifies that the claimant is fully recovered, can return to work without restriction, and there are no objective medical findings that either substantiate the claims of pain or connect them to the work injury. *See Udvari v. Workers Compensation Appeal Board (USAir)*, 705 A.2d 1290, 1293 (Pa. 1997).

Here, Employer argues that Dr. Schmidt testified that Claimant fully recovered from his April 12, 2011, injury as of April 26, 2013, and that Claimant's current condition is unrelated to the April 12, 2011, injury. Dr. Schmidt further opined that Claimant does not require any further medical treatment and can work without restriction.

The WCJ, however, did not credit Dr. Schmidt's testimony. The WCJ is the ultimate determiner of credibility. *Universal Cyclops Steel Corporation v. Workers' Compensation Appeal Board (Krawczynski)*, 305 A.2d 757 (Pa. Cmwlth. 1973).

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Bartee,                                  :
                                              : No. 2019 C.D. 2015
                    Petitioner                :
                                              :
          v.                                  :
                                              :
Workers' Compensation Appeal                  :
Board (Pocono Mountain School                 :
District),                                    :
                                              :
                    Respondent                :


Pocono Mountain School District               :
and Inservco Insurance Services,              : No. 2087 C.D. 2015
                                              :
                    Petitioners               :
                                              :
          v.                                  :
                                              :
Workers' Compensation Appeal                  :
Board (Bartee),                               :
                                              :
                    Respondent                :

# O R D E R

AND NOW, this 6<u>th</u> day of <u>July</u>, 2016, we hereby affirm the September 18, 2015, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge