IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Great Arrow Builders,               :
              Petitioner    :
                      :
      v.                   :   No. 134 C.D. 2022
                      :   Submitted: July 15, 2022
Barry Shemenski (Workers'      :
Compensation Appeal Board),    :
             Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                         FILED: October 28, 2022

Great Arrow Builders (Employer) petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). The WCJ granted the petition for benefits filed by Barry Shemenski (Claimant). Employer challenges the testimony of Dr. Howard Senter, Claimant's medical expert, as incompetent because it was based on an inaccurate and incomplete medical history. Upon review, we affirm.

## I. BACKGROUND

Employer hired Claimant as a union laborer who assisted carpenters working with concrete.[1] For 58 hours per week, Claimant primarily moved

---

[1] Unless stated otherwise, we adopt the factual background for this case from the WCJ's opinion, which is supported by substantial evidence of record. *See* WCJ's Op., 5/6/21, at 3-8; *accord* Board's (Bd.) Op., 1/19/22, at 2-4; *see generally* Notes of Testimony (N.T.) H'rg, 10/21/19, at 6-28; N.T. Hr'g, 12/7/20, at 9-25.

construction materials weighing at least 80 to 100 pounds up and down a hill covered with large rocks. In February 2019, Claimant began having neck pain, visited his primary care physician, and started taking pain medication. Claimant then developed severe hip pain, which he believed was from walking on the large rocks. Claimant again visited his primary care physician, who diagnosed back pain.[2] As a result, Claimant had back surgery, and he has not worked since May 2019.

Claimant filed a claim petition. The WCJ held several hearings at which Claimant testified and the parties introduced the trial depositions of Dr. Senter and Dr. James Cosgrove, who was the independent medical examiner. In relevant part, Dr. Senter opined that Claimant's injury was caused from his job. N.T. Senter Dep., 6/23/20, at 16-17. Dr. Senter testified that he asked Claimant whether Claimant had any ongoing treatment for back pain prior to the instant injury, and Claimant denied any ongoing treatment. *Id.* at 24, 27. Dr. Senter, however, noted that because Claimant had a prior back surgery 25 years earlier, he nonetheless presumed that Claimant would suffer from occasional back pain due to the nature of the surgery. *Id.* at 24.

Dr. Senter reviewed Claimant's prior medical records but acknowledged he was unaware that several doctors had previously treated Claimant for back pain prior to February 2019. *Id.* at 20, 23, 27-35. Dr. Senter initially noted that even if Claimant had required medical treatment prior to February 2019, his opinion would not change. *Id.* at 27. Dr. Senter subsequently clarified that unless a pre-injury magnetic resonance imaging (MRI) scan of Claimant's back revealed a

---

[2] The WCJ found that Claimant suffered a disc herniation at L2-L3, and an aggravation of a preexisting injury at L3-L4. Bd.'s Op., 1/19/22, at 1.

2

preexisting injury, his opinion would not change. *Id.* at 28, 36-37.[3] In contrast, Dr. Cosgrove conducted two independent medical examinations (IME) of Claimant and testified that Claimant was not suffering from an acute work-related injury. N.T. Cosgrove Dep., 11/13/20, at 14.

The WCJ credited the testimony of Claimant and Dr. Senter and rejected the testimony of Dr. Cosgrove to the extent that Dr. Cosgrove's testimony differed from Dr. Senter's testimony. WCJ's Op., 5/6/21, at 7-8. The WCJ accepted Dr. Senter's opinion that Claimant suffered a herniated disc at L2-L3 and aggravated a preexisting injury at L3-L4. *Id.* at 8. The WCJ also acknowledged that Claimant was a "poor historian" of his prior treatment history. *Id.* The WCJ granted Claimant's petition, and Employer appealed to the Board.

On appeal to the Board, Employer argued that Dr. Senter's opinion on causation was incompetent because Dr. Senter did not review Claimant's prior medical records and was unaware of Claimant's complete medical history of back pain. Bd.'s Op. at 4. The Board acknowledged that Dr. Senter "was not familiar with the entire [breadth] of Claimant's extensive medical history" but noted that Dr.

---

[3] To briefly summarize, Employer attempted to discredit Dr. Senter based upon his failure to review a 2010 MRI, which nonetheless depicted no injury. More precisely, Dr. Senter testified that if a pre-injury MRI revealed a hernia "the same size or smaller" than Claimant's present hernia, then his opinion may change. N.T. Senter Dep. at 28, 36-37. Dr. Senter testified that he reviewed Claimant's 2003 MRI, which in Dr. Senter's view revealed no preexisting injury at L2-L3. N.T. Senter Dep. at 30. During Dr. Senter's cross-examination, Employer's counsel referenced Claimant's 2010 MRI scan purportedly revealing a preexisting injury at the relevant location, but it was not presented to Dr. Senter for his review. *Id.* at 33; *see also id.* at 38-39.

Employer's counsel, however, did not question Dr. Cosgrove about Claimant's 2010 MRI scan. *See generally* N.T. Cosgrove Dep. We note that Dr. Cosgrove reviewed Claimant's 2010 MRI scan and opined that he saw no disc herniation at the relevant location, *i.e.*, a preexisting injury. Ex. B to Cosgrove Dep. (noting that Dr. Cosgrove reviewed Claimant's 2010 MRI and disagreed with a report identifying at the L2-L3 level "a left-sided disc herniation [because there was no] distinct thecal sac or nerve root compression and no significant disc protrusion can be identified").

3

Senter "explained that this history did not affect his opinions." *Id.* at 5. The Board also reiterated the WCJ's conclusion that Claimant did not disclose every detail of his 25 years of back treatment, but that Claimant credibly testified that his injury was work related. *Id.* at 6. Employer timely petitioned this Court for review.

## II. DISCUSSION

On appeal, Employer raises one issue, asserting that Dr. Senter's opinion on causation was incompetent because it was based on an inaccurate and incomplete medical history. Employer's Br. at 1. In support, Employer argues that Dr. Senter was "completely unaware" of Claimant's "length[y] medical history of complaints" and improperly assumed that Claimant was asymptomatic prior to the injury. *Id.* at 2. Employer primarily relies on the holding of three cases for the proposition that a medical expert's opinion should be disregarded when the expert did not review the claimant's medical records and relied solely on an inaccurate/incomplete medical history. *Id.* at 10 (discussing *Newcomer v. Workmen's Comp. Appeal Bd. (Ward Trucking Corp.)*, 692 A.2d 1062 (Pa. 1997), *Sw. Airlines/Cambridge Integrated Serv. v. Workers' Comp. Appeal Bd. (King)*, 985 A.2d 280 (Pa. Cmwlth. 2009) (*King*), and *Chik-Fil-A v. Workers' Comp. Appeal Bd. (Mollick)*, 792 A.2d 678 (Pa. Cmwlth. 2002)).

In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, constitutional rights were violated, and necessary findings of fact are supported by substantial evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

4

conclusion." *City of Phila. v. Workers' Comp. Appeal Bd. (Kriebel)*, 29 A.3d 762, 769 (Pa. 2011) (citation omitted).

It is well settled that "the WCJ is the fact[-]finder, and it is solely for the WCJ . . . to assess credibility and to resolve conflicts in the evidence." *Hawbaker v. Workers' Comp. Appeal Bd. (Kriner's Quality Roofing Servs. & Uninsured Emp. Guar. Fund)*, 159 A.3d 61, 69 (Pa. Cmwlth. 2017) (cleaned up). This principle applies to expert medical testimony. *Bartholetti v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 927 A.2d 743, 747 (Pa. Cmwlth. 2007) ("A WCJ is free to accept or reject . . . the testimony of . . . medical witnesses."). "[T]he fact that a medical expert does not have all of a claimant's medical records goes to the weight given the expert's testimony, not its competency." *Huddy v. Workers' Comp. Appeal Bd. (U.S. Air)*, 905 A.2d 589, 593 n.9 (Pa. Cmwlth. 2006) (*en banc*) (citation omitted).

"[W]here both parties present evidence, it is irrelevant that the record contains evidence which supports a finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether evidence exists that supports the WCJ's findings." *Wilgro Servs., Inc. v. Workers' Comp. Appeal Bd. (Mentusky)*, 165 A.3d 99, 103-04 (Pa. Cmwlth. 2017) (citation omitted). Further, the party that prevailed before the WCJ is entitled to the benefit of all favorable inferences drawn from the evidence. *Id.* at 104.

In *Newcomer*, the claimant's medical expert did not review any of the claimant's medical records and was not "involved in any of the treatment that immediately followed [the claimant's] injury." *Newcomer*, 692 A.2d at 1063. Based solely on the medical history provided by the claimant, the *Newcomer* medical expert opined that the claimant's injury was caused by the accident in question. *Id.*

5

Because the medical history was false, the *Newcomer* Court held the expert's testimony was incompetent. *Id.* at 1064.

In *King*, the claimant did not disclose relevant prior injuries to her doctor, and her doctor did not review any of the claimant's relevant medical records, which would have revealed relevant prior injuries. *King*, 985 A.2d at 287. Because the medical opinion of the claimant's doctor was based on (1) an incomplete and inaccurate medical history, and (2) the claimant's own opinion, the *King* Court held that the opinion was incompetent to establish causation. *Id.*

Similarly, in *Chik-Fil-A*, the claimant's expert did not review any of the claimant's medical records before opining that the claimant's injury at issue was work related. *Chik-Fil-A*, 792 A.2d at 683. The claimant's expert had also testified that "if [the] claimant's medical history was not as reported, his evaluation would be incorrect." *King*, 985 A.2d at 287 (summarizing *Chik-Fil-A*). For these reasons, the *Chik-Fil-A* Court held that the expert's testimony was incompetent as to causation. *Chik-Fil-A*, 792 A.2d at 689.

Here, unlike the experts in *Newcomer*, *King*, and *Chik-Fil-A*, Dr. Senter reviewed Claimant's various medical records and did not base his expert opinion solely on Claimant's reported medical history. *Cf. Newcomer*, 692 A.2d at 1063; *King*, 985 A.2d at 287; *Chik-Fil-A*, 792 A.2d at 683. Further, unlike the expert in *Chik-Fil-A*, Dr. Senter testified that his opinion would *not* change unless Claimant's pre-injury MRI revealed a preexisting injury at L2-L3. *See* N.T. Senter Dep. at 28, 36-37; *cf. Chik-Fil-A*, 792 A.2d at 682. To the extent that Employer argues that Dr. Senter was unaware of, and therefore did not review, aspects of Claimant's medical history, Employer's argument goes to the weight of Dr. Senter's testimony and not its competency. *See Huddy*, 905 A.2d at 593 n.9.

6

In this case, the WCJ credited Dr. Senter's and Claimant's testimony that Claimant's back injury was a work-related injury. *See* WCJ's Op. at 7-8. The WCJ also did not credit Dr. Cosgrove's testimony to the extent it differed from Dr. Senter's testimony, which is the prerogative of the fact-finder. *See Hawbaker*, 159 A.3d at 69; *Bartholetti*, 927 A.2d at 747. Because there is substantial evidence of record supporting the WCJ's findings, and because Claimant is entitled to the benefit of all favorable inferences drawn from the evidence, we agree with the Board that the WCJ's findings are neither arbitrary nor capricious, and we decline to reweigh this evidence or disturb the WCJ's credibility determinations. *See Wilgro Servs.*, 165 A.3d at 103-04; *Hawbaker*, 159 A.3d at 69.

### III. CONCLUSION

For these reasons, we discern no legal error in the WCJ's Decision or the Board's affirmance. *See Bryn Mawr Landscaping*, 219 A.3d at 1252 n.5. Accordingly, we affirm the Board's order.

_____
LORI A. DUMAS, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Great Arrow Builders,    :
      Petitioner  :
           :
   v.        :  No. 134 C.D. 2022
           :
Barry Shemenski (Workers'   :
Compensation Appeal Board),  :
      Respondent :

# **O R D E R**

AND NOW, this 28th day of October, 2022, we AFFIRM the January 19, 2022 order of the Workers' Compensation Appeal Board.

         _____
         LORI A. DUMAS, Judge